SACK, MARTIN, Associate Judge.
This is an appeal from the denial of a post-conviction motion under Rule 1.850, of the Florida Rules of Criminal Procedure, 33 F.S.A.
By information, appellant was charged with the crime of unlawfully and feloniously receiving and aiding in the concealment of stolen property, to-wit, a wallet and certain credit cards. He was arraigned in the Criminal Court of Record in and for Orange County, Florida, appeared with his counsel and entered a plea of not guilty. Thereafter he appeared again with his counsel, withdrew his former plea of not guilty, and entered a plea of guilty and waived the taking of testimony. After a pre-sentence investigation, he again appeared with his counsel, and a judgment of conviction and a sentence were entered and imposed.
Essentially, appellant’s position is that he was not advised, either by the information or otherwise, of the name of the person who is alleged to have been the owner of the stolen property or from whom the defendant received the property, so that he could not properly defend; and since the record is silent on these two matters, he was entitled to an evidentiary hearing for the purpose of demonstrating his lack of this knowledge, and thus the summary denial of his motion was error. He does not claim in his motion or his brief that this information was suppressed, could not have been obtained by him under the rules, or that his guilty plea was coerced in any fashion.
It is clear from Brady v. United States, McMann v. Richardson, and Parker v. North Carolina, 90 S.Ct. 1463, 1441, 1458, 397 U.S. 742, 759, 790, 25 L.Ed.2d 747, 763, 785, that a noncoerced guilty plea cures all non-jurisdictional defects preceding the acceptance of such guilty plea. More recently this philosophy has been fully reviewed and confirmed in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; and we suggest a study of this opinion in *705 all Rule 1.850 situations where there has been a guilty plea.
As shown by the record sent here by the appellant, at no point did he move for a bill of particulars, nor offer to exchange any witness list, nor did he attempt to obtain a list of the state’s witnesses. Throughout, he had assistance and advice of counsel, and the record reveals no attempt by the State to conceal or suppress any evidence. The voluntary plea of guilty cured all non-jurisdictional defects, whether in the form of the information, the arraignment, or the subsequent plea and sentence.
The judgment below is affirmed.
WALDEN and MAGER, JJ., concur.